Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 1 of 14 PAGEID #: 42
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 5 of 18 PAGEID #: 5
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B56

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

**RAYMOND SIZEMORE,**
1626 Dundee Court,
Columbus, Ohio 43227,

    Plaintiff,

    v.

**ACKERS, INC.** dba ASK Powersports
2450 Park Crescent Drive
Columbus, Ohio 43232,

also serve at

Ackers, Inc.
2535 Columbus Lancaster Road
Lancaster, OH 43130,

and

**PATRICIA ACKERS**
2450 Park Crescent Drive
Columbus, Ohio 43232

    Defendants.

Case No.:

Judge:

**COMPLAINT FOR MONEY DAMAGES, INJUNCTIVE, AND DECLARATORY**

**RELIEF**

The following allegations are based upon Plaintiff Raymond Sizemore's ("Mr. Sizemore's" or "Plaintiff's") personal knowledge, the investigation of counsel, and information and belief. Plaintiff, through counsel, allege as follows:

**INTRODUCTION**

1. Plaintiff purchased a used 2016 Can-Am Spyder from Defendant Ackers, Inc. dba ASK Powersports ("ASK") bearing the Vehicle Identification Number "2BXNBDD2XGV004096" (the "Vehicle") on April 12, 2017.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 2 of 14 PAGEID #: 43
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 6 of 18 PAGEID #: 6
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B57

2. Mr. Sizemore was assisted by Defendant Patricia "Patty" Ackers ("Ms. Ackers") with his purchase.

3. Defendants wrongfully withheld an advertised "rebate," lied to the lender regarding Mr. Sizemore's income, and

4. Mr. Sizemore was harmed by Defendants' actions described herein, and therefore brings claims against Defendants pursuant to the CSPA at R.C. 1345.01 *et seq.*, Ohio's Administrative Code at 109:4-3-01 *et seq.*, the federal Credit Repair Organizations Act ("CROA") at 15 U.S.C. 1679a *et seq.*, and for common law theories of breach of contract, breach of the covenant of good faith and fair dealing, breach of implied warranty, breach of express warranty, promissory estoppel, unjust enrichment, fraud, and negligent misrepresentation for all Plaintiff's damages, costs, and attorney fees.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

6. Plaintiff is a natural person currently residing in Franklin County.

7. Defendant ASK is a company licensed under the laws of Ohio with its principle place of business in Franklin County, Ohio.

8. Defendant Patty Ackers is a natural person believed to be residing in Franklin County.

9. Venue is proper because all of the events giving rise to the claims herein occurred within Franklin County, Ohio.

10. Each action or inaction alleged herein against any Defendant is also an allegation of action or inaction by that Defendant's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 3 of 14 PAGEID #: 44
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 7 of 18 PAGEID #: 7
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B58

11. Defendant ASK is in the business of selling used motor vehicles in Ohio to consumers.

12. ASK is also in the business of originating loans for consumers to whom it sells motor vehicles.

13. Prior to April 12, 2017, Defendant ASK advertised the Vehicle for sale.

14. The advertisements represented that purchasers of new Can-Am Spyders would receive a $2,500.00 rebate.

15. At that time Mr. Sizemore owned a 2014 Can-Am Spyder he had purchased from ASK.

16. Mr. Sizemore has also owned a 2012 Can-Am Spyder which he purchased from ASK.

17. Mr. Sizemore wanted to trade in his 2014 Can-Am Spyder in order to obtain a newer version which would be covered by the manufacturer's warranty, as he had also done previously.

18. Mr. Sizemore answered ASK's advertisement by going to its dealership location in Columbus Ohio to purchase a new 2016 Can-Am Spyder.

19. Mr. Sizemore was attracted by the promise of the $2,500.00 rebate, which he wanted to combine with his trade-in to receive the best deal on the Vehicle he could.

20. On or about April 12, 2017, Mr. Sizemore purchased the Vehicle with funds from Telhio.

21. Defendant Ms. Ackers represented ASK in the sale of the Vehicle to Mr. Sizemore.

22. ASK produced several sales documents that it required Mr. Sizemore to sign relating to his purchase of the Vehicle.

23. Ms. Ackers handwrote on the sales documents ASK created relating to its sale of the Vehicle that ASK would retain the $2,500.00 rebate Mr. Sizemore thought he would receive.

24. Ms. Ackers did not tell Mr. Sizemore about her modification to the sales documents which Mr. Sizemore did not approve and occurred after Mr. Sizemore had signed the sales documents.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 4 of 14 PAGEID #: 45
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 8 of 18 PAGEID #: 8
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B59

25. At the conclusion of the signing process, Ms. Ackers put the signed documents into an envelope for Mr. Sizemore.

26. Ms. Ackers also inflated Mr. Sizemore's actual income by over $200 per month in order to secure him a loan from Telhio.

27. Mr. Sizemore confronted Ms. Ackers with documentary proof that his income was not what she reported to Telhio, but Ms. Ackers told Mr. Sizemore not to worry about what she had done.

28. Telhio approved Mr. Sizemore for a loan and financed the purchase price of the Vehicle based on the incorrect information ASK provided it about Mr. Sizemore.

29. ASK directly benefits from the loans it originates by retaining a portion of the interest charged by the originating lender.

30. Defendants refused to give Mr. Sizemore the $2,500.00 rebate it advertised and promised upon demand.

31. Even after the conclusion of the sale, ASK continued to act unfairly to Mr. Sizemore by failing to repair his Vehicle even though it continued to claim it had.

32. Almost immediately after Mr. Sizemore purchased the Vehicle, he noticed that the steering would lock into place at speeds in excess of sixty-five miles per hour, requiring Mr. Sizemore to roughly jerk the steering back, often causing him to swerve.

33. Mr. Sizemore feels the Vehicle is unsafe to drive at speeds in excess of sixty miles per hour because of the steering condition.

34. Mr. Sizemore never experienced the issue in either of his previous Can-Am Spyders.

35. Mr. Sizemore drove those vehicles regularly at highway speed around curves and changing lanes without the steering locking into place.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 5 of 14 PAGEID #: 46
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 9 of 18 PAGEID #: 9
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B60

36. Mr. Sizemore brought the Vehicle to ASK for diagnosis and repair.

37. Despite numerous attempts at repairing the Vehicle and some improvement, ASK has failed to repair the Vehicle.

38. After each attempt, ASK would declare the Vehicle completely repaired.

39. Mr. Sizemore would then drive the Vehicle at highway speeds and the steering issue would reoccur, almost causing Mr. Sizemore to lose control of the Vehicle completely and causing a crash.

40. ASK failed to adequately diagnose the steering issue with the Vehicle in part because it failed to test drive the Vehicle at speeds in excess of sixty miles per hour when the steering condition occurs.

41. ASK delayed in performing the repairs and lied to Mr. Sizemore about the repairs and testing it performed.

42. One repair attempt took ASK over two months to complete.

43. Mr. Sizemore tracked the progress of the repairs personally and saw the bike sitting at ASK even though ASK represented repairs were underway.

44. Mr. Sizemore was damaged by Defendants' actions described herein.

45. Mr. Sizemore has been unable to drive the Spyder at highway speeds or otherwise take full advantage of the vehicle due to Defendants' actions.

46. Mr. Sizemore feels that Defendants deceived him by among other things inflating his income to a lender, failing to give him the advertised $2,500.00 rebate, failing to repair the Vehicle competently, and lying to him.

47. Defendants consciously disregarded Mr. Sizemore's rights and safety by lying to him about the condition of his Vehicle, among other things.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 6 of 14 PAGEID #: 47
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 10 of 18 PAGEID #: 10
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B61

48. Mr. Sizemore is entitled to damages in excess of $25,000.00 and punitive damages in excess of $25,000.00.

### COUNT ONE – CSPA VIOLATIONS

49. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

50. Defendant ASK is and was a **Supplier** under the meaning of R.C. 1345.01(C) at all times relevant to this transaction in that it is engaged in the business of effecting or soliciting consumer transactions.

51. Defendant Ms. Ackers is and was a **Supplier** under the meaning of R.C. 1345.01(C) at all times relevant to this transaction in that she is engaged in the business of effecting or soliciting consumer transactions on behalf of ASK.

52. Plaintiff uses and used the Vehicle primarily for personal, household, and family purposes.

53. Plaintiff is and was a **Consumer** as that term is defined in R.C. 1345.01(D) at all times relevant to this transaction.

54. Plaintiff's purchase from Defendant was a **Consumer Transaction** as that term is defined in R.C. 1345.01(A) at all times relevant to this transaction.

55. At all times relevant to this incident, Defendants ASK and Ms. Ackers were and are subject to Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq*.

56. Defendant ASK's actions described herein are unfair or deceptive acts or practices in violation of the CSPA at R.C. 1345.02.

57. Defendants' fraud and/or negligent misrepresentation are unfair and deceptive acts or practices in violation of the CSPA at R.C. 1345.02.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 7 of 14 PAGEID #: 48
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 11 of 18 PAGEID #: 11
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B62

58. Defendants' violations of CROA are unfair and deceptive acts or practices in violation of the CSPA at R.C. 1345.02.

59. Defendants' negligent acts are unfair and deceptive acts or practices in violation of the CSPA at R.C. 1345.02.

60. Defendants' actions described herein are unconscionable acts or practices in violation of the CSPA at R.C. 1345.03.

61. Defendants' actions described herein are unfair or deceptive acts or practices as defined in the Ohio Administrative Code at 109:-4-3-01 *et seq.*

62. Defendants' actions described herein were committed with knowledge within the meaning of R.C. 1345.01(E).

63. Plaintiff has been injured by Defendants' violations described herein.

64. The acts or practices described herein were found by a court of this state to violate the CSPA and were committed after those decisions, were made available for public inspection by the Ohio Attorney General pursuant to R.C. 1345.05.

65. For all the reasons stated herein, Plaintiff is entitled to the greater of treble Plaintiff's actual damages or $200.00 per violation, up to $5,000.00 in noneconomic damages per violation, and his attorney's fees and the costs of this action pursuant to R.C. 1345.09.

66. For all the reasons stated herein, Plaintiff is entitled to actual damages in excess of $25,000 to be proven at trial, at least $5,000.00 in noneconomic damages, and Plaintiff's attorney fees and costs pursuant to R.C. 1345.09.

67. For all the reasons stated herein, Plaintiff is also entitled an injunction against Defendant ASK's violations of the CSPA as described herein pursuant to R.C. 1345.09.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 8 of 14 PAGEID #: 49
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 12 of 18 PAGEID #: 12
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B63

68. For all the reasons stated herein, Plaintiffs are also entitled to judgment declaring Defendant ASK's acts or practices to be violations of the CSPA pursuant to R.C. 1345.09.

69. For all the reasons stated herein, Plaintiff is also entitled to punitive damages in excess of $25,000.00 for Defendants' conscious disregard for his rights and safety.

### COUNT TWO – CROA VIOLATIONS

70. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

71. Plaintiff is a "consumer" as defined in CROA at 15 U.S.C. 1679a(1).

72. Plaintiff applied for and was extended "credit" from Telhio Credit Union as that term is defined in CROA at 15 U.S.C. 1679a(4).

73. Defendants made a statement which is and was untrue and misleading with respect to Mr. Sizemore's credit worthiness to Telhio Credit Union.

74. Defendants lied to Telhio Credit Union about Mr. Sizemore's income even though Mr. Sizemore provided them with accurate information about his income.

75. Mr. Sizemore with Defendants' assistance was applying and did apply for the extension of credit from Telhio.

76. Defendants actions described herein are a violation of CROA at 15 U.S.C. 1679b(a).

77. For all the reasons stated herein and pursuant to 15 U.S.C. 1679g, Plaintiff is entitled to his actual damages in excess of $25,000.00, punitive damages, and his attorney fees and costs.

### COUNT THREE - BREACH OF CONTRACT

78. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 9 of 14 PAGEID #: 50
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 13 of 18 PAGEID #: 13
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B64

79. For all the reasons stated herein, Defendants materially breached an enforceable contract with Plaintiff causing Plaintiff damages.

80. Plaintiff agreed to purchase the Vehicle from Defendant in exchange for payment of $27,070.87.

81. Plaintiff performed by financing the purchase.

82. Plaintiff purchased the vehicle with the understanding that he would be provided a $2,500 rebate.

83. Defendant handwrote on the contract without Plaintiff's knowledge or awareness that Defendant would be entitled to keep the rebate.

84. Defendant has not provided Plaintiff with the $2,500.00 from the rebate.

85. Defendant failed to properly disclaim the implied warranty of merchantability.

86. Defendant's sale of the Vehicle to Plaintiff included the implied warranty of merchantability.

87. Defendant wrongfully dishonored the implied warranty of merchantability by failing to provide Plaintiff with a vehicle that steered properly.

88. Defendant failed to properly disclaim the implied warranty of fitness for a particular purpose.

89. Defendant's sale of the Vehicle to Plaintiff included the implied warranty of fitness for a particular purpose.

90. Defendant knew at the time of the sale that Plaintiff intended to ride the Vehicle for recreational and transportation purposes.

91. Defendant dishonored the implied warranty of fitness for a particular purpose by failing to make arrangements for Plaintiff's vehicle to be made fit to drive within a timely fashion after Plaintiff took possession.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 10 of 14 PAGEID #: 51
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 14 of 18 PAGEID #: 14
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B65

92. A covenant of good faith and fair dealing exists in every enforceable contract in Ohio regardless of whether such covenant is explicitly included in the contract.

93. Defendant breached the covenant of good faith and fair dealing by selling Plaintiff the vehicle without disclosing the issue with the steering or repairing the issues with the Vehicle on demand.

94. Defendant further breached the covenant of good faith and fair dealing by dishonoring its advertised $2,500 rebate for purchasing the vehicle.

95. As a direct and proximate cause of Defendants' breach, Plaintiff was damaged.

96. For all the reasons stated herein, Plaintiff is entitled to Plaintiff's full expectation damages of at least $2,500.

97. For all the reasons stated herein and for Defendant's bad faith, Plaintiff is also entitled to Plaintiff's attorney fees and costs related to bringing this action.

98. For all the reasons stated herein, Plaintiff is also entitled to punitive damages in excess of $25,000.00 for Defendants' conscious disregard for his rights and safety.

### COUNT FOUR – INTENTIONAL OR NEGLIGENT MISREPRESENTATION

99. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

100. Defendants intentionally or negligently misrepresented the fact that Mr. Sizemore would receive a $2,500.00 rebate in conjunction with his purchase of the Vehicle.

101. Defendants intentionally or negligently misrepresented the fact that the Vehicle was repaired when such was not the case.

102. Defendants intentionally or negligently misrepresented Mr. Sizemore's income to Telhio Credit Union.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 11 of 14 PAGEID #: 52
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 15 of 18 PAGEID #: 15
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B66

103. Defendant ASK's employee or owner, Defendant Ms. Ackers assisted Mr. Sizemore with his purchase of the Vehicle.

104. Mr. Sizemore purchased the Vehicle on April 12, 2017.

105. Defendant ASK stated in multiple advertisements prior to April 12, 2017 that purchasers of new Can-Am Spyders would receive a $2,500.00 rebate from the manufacturer.

106. On April 12, 2017, Defendants concealed the fact that Ms. Ackers had handwritten a note on the sales paperwork.

107. Defendants fraudulently induced Mr. Sizemore to sign the sales documents.

108. Defendants had a pecuniary interest in the transaction with Mr. Sizemore.

109. Mr. Sizemore justifiably relied upon Defendants' statements.

110. By statements of its employees over the telephone and in person with Mr. Sizemore, Defendant ASK misrepresented that the Vehicle had been repaired when such was not the case each time Mr. Sizemore took possession of the Vehicle from Defendants.

111. Mr. Sizemore was damaged by Defendants' misrepresentations described herein.

112. For all the reasons stated herein, Plaintiff is entitled to economic, noneconomic and punitive damages in excess of $25,000 to be proven at trial.

113. For all the reasons stated herein, Plaintiff is also entitled to his attorney fees and costs related to bringing this action.

**COUNT FIVE – PROMISSORY ESTOPPEL**

114. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

115. Defendants promised a $2,500.00 rebate to purchasers of new Can-Am Spyders.

116. Mr. Sizemore purchased a new Can-Am Spyder while Defendants' promotion was running.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 12 of 14 PAGEID #: 53
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 16 of 18 PAGEID #: 16
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B67

117. Mr. Sizemore relied on Defendants' statements regarding the rebate in his decision to purchase the Vehicle.

118. Defendants kept the promised $2,500.00.

119. Mr. Sizemore relied on Defendants' statements to his detriment.

120. Mr. Sizemore was damaged for all the reasons stated herein.

121. For all the reasons stated herein, Mr. Sizemore is entitled to at least $2,500.00 in damages.

### COUNT SIX – UNJUST ENRICHMENT

122. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

123. Defendants unjustly retained the $2,500.00 rebate it advertised as available to purchasers of new Can-Am Spyders like the Vehicle and Mr. Sizemore.

124. Mr. Sizemore is entitled to at least $2,500.00 in damages.

**WHEREFORE** Plaintiff prays the Court:

a. Assume jurisdiction of this case;

b. Award Plaintiffs actual damages in an amount to be determined at trial;

c. Award Plaintiffs the maximum economic, non-economic, actual, general, other, and statutory damages sought under each Count;

d. Award Plaintiffs punitive damages as appropriate;

e. Enjoin Defendant from violating the CSPA as described in Count One;

f. Declare Defendant's actions described in Count One to violate the CSPA;

g. Grant Plaintiffs the costs of this litigation, including filing fees and reasonable attorney's fees; and

h. Grant all other relief the Court deems appropriate.

Case: 2:18-cv-00553-JLG-CMV Doc #: 4 Filed: 06/07/18 Page: 13 of 14 PAGEID #: 54
Case: 2:18-cv-00553-JLG-CMV Doc #: 1 Filed: 06/06/18 Page: 17 of 18 PAGEID #: 17
Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715
0E139 - B68

Respectfully Submitted,
**BUTTARS, RICHARDSON & SNYDER LLC**

/s/ Karl W. Snyder
Karl W. Snyder (0091219)
Austin R. Buttars (0091338)
*Attorneys for the Plaintiff*
6059 Frantz Rd. Suite 201
Dublin, Ohio 43017
PH: 614-379-3977
karl@abkslaw.com
austin@abkslaw.com

## JURY TRIAL DEMANDED

The plaintiff respectfully requests a jury trial on all triable issues.

/s/ Karl W. Snyder
Karl W. Snyder (0091219)

0E139 - B69

Franklin County Ohio Clerk of Courts of the Common Pleas- 2018 May 03 2:53 PM-18CV003715

**ASK** Three Locations
Lancaster, OH 43130 (740) 654-3456 (800) 243-3033
Grove City, OH 43123 (614) 871-3711 (800) 425-2031
Columbus, OH 43232 (614) 759-9300 (800) 425-2135

95769

DEL. DATE 4/13/2017

NAME: SIZEMORE, RAYMOND D.
ADDRESS: 1626 DUNDEE COURT
DATE: 4/12/2017
CITY: COLUMBUS  STATE: OH  ZIP: 43227  COUNTY: FRANKLIN  PHONE: 614-726-639
BUSINESS PHONE: ___  CELL PHONE: 614-530-5165  EMAIL: ___

YEAR: 2016  (NEW)/USED  MAKE: CANAM  MODEL: SPYRTLTDSE  COLOR: STEEL BK  MILEAGE: 2
STOCK #: 004096  SERIAL #: 2BXNBDD2XGV004096  MOTOR #: M9751966  KEY #: 3200

(DESCRIPTION OF TRADE IN)
YEAR: 2014  MAKE: CANAM  MODEL: USPYRTLT
SERIAL #: 2BXNBDD10EV008047  MILEAGE: ___
STOCK #: 008047  COLOR: BLACK  ACV: ___
PAYOFF OWED TO: KEMBA FINANCIAL
ADDRESS: 555 OFFICENTER PLACE, COLUMBUS,
AMOUNT: $18032.50  GOOD TIL: ___
AUTHORIZED: miles 13,769
pd 4-14-17 $4926  '18032.50

Any Allpromotions, Rebates
& incentives go to dealer.

Rod
[illegible] Market
tool kit
owner manual

| | SALE PRICE | $27,070.87 |
|---|---|---|
| | FREIGHT | $0.00 |
| | DEALER CHARGE | $0.00 |
| ACCESSORIES: | | $0.00 |

FINANCE AND INSURANCE INFORMATION
FINANCED BY: TELHIO CREDIT UNION
ADDRESS: 96 N 4TH ST, COLUMBUS, OHIO 43215
INSURANCE: ___  PHONE: ___

**WARRANTY INFORMATION**
[X] NEW VEHICLE WARRANTY AS OUTLINED BY MANUFACTURER ONLY
[ ] SOLD LIMITED WARRANTY
[ ] SOLD AS IS

NEGATIVE EQUITY:
I am aware the balance owed on my trade-in vehicle exceeds the trade-in allowance from Dealer and, as a result, I have requested that $ _____ of negative equity from my trade-in be included in the cash price of the vehicle.
X _____

DOWN PAYMENT: $0.00  DATE: 4/13/2017  PAID
OPTION RESERVED UNTIL ___
DOWN PAYMENT: $0.00  DATE: 4/13/2017  PAID
OPTION RESERVED UNTIL ___
DOWN PAYMENT: ___  DATE: ___  PAID
OPTION RESERVED UNTIL ___
THE DOWN PAYMENT WILL RESERVE PURCHASER'S RIGHT TO PURCHASE THE GOODS
UNTIL ___ (DATE)

ALL REBATES AND INCENTIVES ARE RETURNED BY THE MANUFACTURER TO THE DEALERSHIP.

RECEIPT ___ DATE ___

| | | |
|---|---|---|
| Delivery Charge | | $0.00 |
| GAP | | $0.00 |
| EXTENDED SERVICE POLICY | | $0.00 |
| TOTAL VEHICLE & ACCESSORIES | | $27,070.87 |
| TRADE-IN ALLOWANCE | | $18,032.50 |
| TOTAL TAXABLE PURCHASE | | $9,038.37 |
| DOCUMENTARY FEE | 250 | 00 |
| | TOTAL | $9,288.37 |
| SALES TAX | 7.50 | $696.63 |
| | FILING FEE | $15.00 |
| | TEMPORARY TAG | $0.00 |
| | TRADE PAYOFF | $0.00 |
| | GRAND TOTAL | $18,032.50 |
| | | $28,032.50 |
| | DOWN PAYMENT | $0.00 |
| | BALANCE TO FINANCE | $28,032.50 |

ALL WARRANTIES, IF ANY, BY A MANUFACTURER OR SUPPLIER OTHER THAN DEALER ARE THEIRS. NOT DEALERS AND ONLY SUCH MANUFACTURER OR OTHER SUPPLIER SHALL BE LIABLE FOR PERFORMANCE UNDER SUCH WARRANTIES. UNLESS DEALER FURNISHES BUYER WITH A SEPARATE WRITTEN WARRANTY MADE BY DEALER ON ITS OWN BEHALF, DEALER HEREBY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE ON ALL GOODS AND SERVICES SOLD BY DEALER. IN THE EVENT THAT ANY SERVICE CONTRACT IS SOLD, ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE IS LIMITED IN DURATION TO THE TERM OF THE SERVICE CONTRACT.

The front and back of this Order comprises the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. If this agreement is for a used vehicle see contractual disclosure statement below. I hereby certify that no credit has been extended to me for the purchase of this motor vehicle except as it appears in writing on the face of this agreement. I have read this matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. I certify that I am at least 18 years old and hereby acknowledge receipt of a copy of this order.

PURCHASER: Raymond D Sizm
SALESMAN: ___ NAME: PATTY ACKERS ___ Bob
DEALER: ___
(THIS ORDER NOT BINDING UNTIL ACCEPTED BY MANAGER)

**WE'D LIKE TO KNOW**
HOW DID YOU HEAR ABOUT ASK?
[ ] RADIO  [ ] TV  [ ] NEWSPAPER  [ ] FRIEND  [ ] INTERNET

NO REFUND OF DOWN PAYMENT WILL BE GIVEN WITHOUT A COPY OF THIS BILL.
Down Payment is not refundable unless damages from breach of this contract are less than the down payment, in which event a sum equal to down payment less than damages will be refundable.



EXHIBIT A